IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GILBERTO MARTINEZ-MARMOL                                                              PETITIONER
ADC #151776

v.                                      5:18cv00203-KGB-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    BACKGROUND

Before the Court is Gilberto Martinez-Marmol's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 2.) Mr. Martinez-Marmol is an Arkansas inmate in the Cummins Unit of the Arkansas Department of Correction. Although originally filed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and § 2241, Mr. Martinez-Marmol's claims fall under § 2254. His allegations of ineffective assistance of counsel and errors by the trial court all serve to attack the validity of his conviction. In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out. *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009).

There is likely a reason Mr. Martinez-Marmol seeks § 2241 relief. He previously sought and was denied habeas relief for his 2012 Washington County, Arkansas, conviction for three counts of rape. *Martinez-Marmol v. Kelley*, 5:16CV00045-JJV. His petition alleged numerous counts of ineffective assistance of counsel and constitutional violations by the Arkansas court system. (*Id.* at Doc. No. 1.) I dismissed that petition because it was untimely filed and Mr. Martinez-Marmol provided no basis for equitable tolling or actual innocence. In denying his petition, I recounted the facts of his conviction as follows:

> The detective testified that Mr. Martinez-Marmol admitted to raping the victim three times. The first time was in February 2010, and it happened when "he got off work around 1 a.m. and on that specific incident, he said that him and the victim were on the couch when the seven-year-old got on top of him and took her panties off and started rubbing herself against him and he said that he kissed her on the mouth and breasts and he also admitted to penetrating her with his finger." (*Id*. at 168-69.) Later on in the interview, Mr. Martinez-Marmol "admitted to [the detective] that he had also penetrated her vagina with his penis on this first occasion at the end of February." (*Id*. at 169.) Specifically he said, ". . . he inserted the tip of his penis into her vagina for about five minutes and then he pulled it out before ejaculating." (*Id*.)
>
> Although the detective could not remember the time of the second incident, he testified that Mr. Martinez-Marmol and the victim "were laying down and that she provoked him into having sexual intercourse with him again. He said that during this incident that he placed the tip of his penis inside her vagina, that he pulled his penis out prior to ejaculating into his hand. [The detective] asked him if he ejaculated – if he might have ejaculated on her, on her vagina, and he said he felt maybe he did." (*Id*. at 170.) He also "kissed her on the mouth and fondled her breasts with his hands." (*Id*. at 171.)
>
> The third incident happened around mid-March 2010. While the victim's mother was grilling outside, "the victim stood in front of him and started rubbing up against him with her backside." (*Id*.) Mr. Martinez-Marmol "checked outside the door to make sure nobody was in the apartment, nobody was around and then he said that he penetrated her vagina with his finger and he also rubbed his penis against her vagina between her legs until he ejaculated. He also admitted to kissing her on the mouth, the breasts and fondling her breasts as well." (*Id*.) The final incident occurred in June or July 2010, while the victim's mother was in the kitchen cooking. Mr. Martinez-Marmol "fondled her breasts with his hands." (*Id*. at 172.) At the conclusion of the interview, the detective told Mr. Martinez-Marmol that he was under arrest to which Mr. Martinez-Marmol responded, ". . . it wasn't his fault, that it was her fault, that she was the one that came on to him . . ." (*Id*. at 174.)

*Id*. at Doc. No. 14 at 2-3.

I have conducted a preliminary review of the instant Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, for the following reason, I recommend dismissal of the Petition.

II.   **ANALYSIS**

Under 28 U.S.C. 2244(b)(3), petitioners who have previously filed a federal habeas petition

3

must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007). A court of appeals may authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. 2244(b)(2). Similarly, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

The language of 28 U.S.C. § 2244(b) is binding and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition. 28 U.S.C. § 2244(b)(3); see also *Williams*, 658 F.3d 842, 853 (2011) ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). There is nothing in the record to indicate Mr. Martinez-Marmol sought and received authorization from the United States Court of Appeals for the Eighth Circuit before filing this Petition. Additionally, I find that none of the criteria set forth in 28 U.S.C. § 2244(b)(2) apply to Mr. Martinez-Marmol's Petition. Therefore, I find this Court does not have jurisdiction over Mr. Martinez-Marmol's

claims.

If Mr. Martinez-Marmol wishes to pursue relief, he must first obtain permission from the Eighth Circuit to file a successive petition. At present, this Court simply does not have jurisdiction over Mr. Martinez-Marmol's claims. The dismissal should be without prejudice so Mr. Martinez-Marmol may refile his Petition should the Eighth Circuit again grant him permission to proceed.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.  Mr. Martinez-Marmol's § 2254 Petition (Doc. No. 2) be DISMISSED without prejudice and the requested relief be DENIED.

DATED this 29th day of August, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE